IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| JESSICA CASTANEDA | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 20-856 |
| | § | |
| SW MILITARY, LLC d/b/a SUNRISE FAMILY DENTAL and CAMPBELL JANSE, | § | |
| | § | |
| Defendants. | § | |

## PLAINTIFF'S ORIGINAL COMPLAINT AND JURY DEMAND

### Introduction

1. This is an action for retaliatory discharge under Section 15(a)(3) of the Fair Labor Standards Act. Plaintiff Jessica Castaneda was formerly employed by Defendants SW Military, LLC d/b/a Sunrise Family Dental and Campbell Janse, D.D.S. as office manager. She was discharged from employment because she complained to Defendant Janse about unpaid overtime hours. Plaintiff now sues for damages.

### Parties

2. Plaintiff Jessica Castaneda is an individual residing at 3007 Aspen Meadow, San Antonio, Texas 78238. She may be served with papers in this case through the undersigned counsel.

3. Defendant SW Military, LLC is a limited liability company organized under the laws of the State of Texas. Its principal place of business is located at 1402 SW Military, San

Antonio, Texas 78221. It may be served with process through its registered agent, Campbell R. Janse, at 1402 SW Military, San Antonio, Texas 78221.

4.  Defendant Campbell Riddick Janse is an individual who works at 1402 SW Military, San Antonio, Texas 78221. He may be served with process at this location or wherever he may be found.

## Jurisdiction and Venue

5.  The Court possesses subject-matter jurisdiction over this case pursuant to 28 USC Section 1331, as Plaintiff brings suit under the Fair Labor Standards Act. The Court possesses personal jurisdiction over Defendants because Defendant Sunrise Family Dental is organized under the laws of the State of Texas and because it does business in Texas. The Court possesses personal jurisdiction over Defendant Janse because he is a citizen of the State of Texas. Venue is proper in the Western District of Texas because all of the events giving rise to Plaintiff's claims occurred in San Antonio, Bexar County, Texas.

## Cause of Action: Retaliatory Discharge in Violation of the FLSA

6.  Plaintiff re-alleges and incorporates by reference Paragraphs 1 through 5 supra.

7.  Defendant Sunrise Family Dental is a dental practice owned, controlled, managed, and operated by Defendant Janse. Defendant Sunrise Family Dental is covered by the Fair Labor Standards Act because it employs more than two employees and has had annual gross revenues of at least $500,000 during the years at issue in this lawsuit.

8.  As the owner and manager of Defendant Sunrise Family Dental, Defendant Janse makes all hiring and firing decisions and is responsible for the illegal pay and employment practices complained of in this lawsuit. As such, Defendant Janse is an "employer" within the meaning of the Fair Labor Standards Act.

9. Plaintiff was a longtime and faithful employee of Defendants. At the time of her termination from employment, Plaintiff was employed by Defendant Sunrise Family Dental as office manager and was paid on a "salary" basis. Plaintiff was individually covered by the FLSA because she engaged in interstate commerce on behalf of Defendants by sending and receiving out-of-state correspondence, engaging in out-of-state telephone calls, processing credit card payments, and dealing with insurance companies from out of state.

10. On Tuesday, March 17, 2020, Defendants temporarily closed the dental practice due to the COVID-19 pandemic with the expectation that business would resume at some time in the following weeks. As a result, Defendants furloughed the employees, including Plaintiff. Plaintiff continued to take emergency calls and respond to inquiries from patients during the furlough period. Defendants failed to pay Plaintiff in accordance with the FLSA for the last week before Plaintiff was furloughed. Because she was classified as an "exempt" manager, Plaintiff was, under the Fair Labor Standards Act, entitled to receive her full salary for the week even though the office closed prior to the expiration of the workweek. However, Defendants paid her only for the hours she actually worked, thereby shorting Plaintiff approximately $800.00. Additionally, Defendants failed to pay Plaintiff her full weekly salary for the time she spent performing duties on behalf of Defendants while she was on furlough. Again, under the FLSA, Plaintiff was entitled to receive her full weekly salary for any week in which she performed any work.

11. This was not the first time that Defendants had violated Plaintiff's rights under the Fair Labor Standards Act. In fact, Defendants had manipulated Plaintiff's classification in the past. Previously Plaintiff had been classified as a non-exempt, hourly employee. However, after Plaintiff worked approximately 16 hours of overtime in February of 2019, Defendants quickly

reclassified her as exempt in order not to pay her the overtime premium. Plaintiff was not paid her overtime premium.

12. Mindful of Defendants' transgressions, and fearful that she would yet again be shorted pay under the law, Plaintiff sent Defendant Janse an email on April 22, 2020 addressing the fact that she was owed her salary for the week and demanding payment: "Dr. Janse/Nancy. I reached out to Dr Janse through a text message about my last paycheck. I worked almost three days and didn't get my week of salary. Did you change my salary to hourly without telling me? There's a difference of $800. I also put in a total of 8 hours for all the text messages (emergency calls) I saved all the texts and phone logs of the calls. If you can also include what was never paid to Benny from months ago. I believe Nancy has it written down in her book. Seems I was left out of all the texts you sent everyone else (I'm sure it was a mistake) I'll see you on Friday. Can't wait to see everyone!! Thank you!!"

13. Defendant Janse responded via text message shortly thereafter, claiming that Plaintiff had "beaten [him] to the punch" and advising Plaintiff that she was being terminated from employment. Defendant Janse did, however, agree to pay Plaintiff for the wages owed to her. Defendant Janse's email suggested that Plaintiff was terminated for financial reasons. However, Defendants resumed operations shortly thereafter and reinstated all employees other than Plaintiff. Additionally, Plaintiff has learned that Defendant hired another manager shortly thereafter.

14. Plaintiff avers that Defendants discharged her from employment because she engaged in protected activities under the Fair Labor Standards Act—i.e., that she complained that she was not paid monies owed to which she was entitled under the Fair Labor Standards Act. As a result of Defendants' illegal actions, Plaintiff has suffered, and will continue to suffer in the

4

future, lost wages and benefits. Plaintiff also pleads that she is entitled to recover compensatory damages for the emotional distress, mental anguish, humiliation, and loss of enjoyment of life that she has suffered and will likely suffer in the future. Plaintiff also pleads that she is entitled to liquidated damages because Defendants cannot establish that they had a reasonable, good-faith belief that they were not violating the FLSA. Because both Defendants are "employers" within the meaning of the law, they are jointly and severally liable to Plaintiff for these amounts.

## Jury Demand

15. Plaintiff demands a trial by jury.

## Conclusion and Prayer

16. Plaintiff prays that, upon by judgment, she be awarded the following from the Defendants, jointly and severally:

  a. Lost wages and benefits in the past;

  b. Reinstatement, or in the alternative, front pay and front benefits;

  c. Liquidated damages;

  d. Compensatory damages for emotional distress, mental anguish, humiliation, and loss of enjoyment of life;

  e. Attorney Fees;

  f. Costs of court;

  g. Post-judgement interest; and

  h. All other relief to which Plaintiff is entitled.

Respectfully submitted,

/s/ Michael V. Galo, Jr.
Michael V. Galo, Jr.
State Bar No. 00790734
Galo Law Firm, P.C.
4230 Gardendale, Bldg. 401
San Antonio, Texas 78229
Telephone: 210.616.9800
Facsimile: 210.616.9898
mgalo@galolaw.com
Attorney for Plaintiff
Jessica Castaneda